Home Rule Municipal Law §§ 10(1)(i), 40; Legislative Law § 55; New York Constitution Article IX, sections 2(c), 2(b)(2); Session Laws L. 1982, ch. 719 §§ 1 & 7, Act of Nov. 13, 2013, ch. 498 §§ 2 & 9

The town of Islip need not seek additional special legislation before revising the permitted size of the Central Islip Fire Districts' proposed fire substation.

July 19, 2021

Informal Opinion
No. 2021-1

Dear Messrs. McCarthy and DiCioccio:

You have requested an opinion relating to special legislation enacted by the Legislature in 2013, in response to a request by the town of Islip (Town), allowing the Town to transfer property to the Central Islip Fire District (Fire District) for a fire substation. You have advised that the Town's request, submitted as a "home rule request," included a limitation on the size of the substation that the Legislature did not adopt when it enacted the special law. The Fire District would now like to build a larger substation than the Town's request specified, and the Town appears amenable to the increased size. You have asked whether the Town must submit a new home rule request for another special law before it can proceed with authorizing the Fire District to build a larger substation. As explained below, we are of the opinion that additional special legislation is unnecessary.

## I.     Legislative History

In 1982, the Legislature authorized the transfer of property, including the approximately two-and-a-half-acre parcel at issue, from the State to the Town. L. 1982, ch. 719, § 1. The Legislature restricted ownership of the property to certain types of entities and the use of the property to certain purposes, none of which included ownership by a fire district or use for fire district purposes. Specifically, the law provided that "[a]ny land and improvements thereon transferred pursuant to this act shall be used only by, or for the purposes of the state, a municipal corporation or a not-for-profit college or university chartered by the regents of the university of the state of New York, and shall be used only for hospital, park and recreation, municipal office or educational purposes, and for complementary academic, scientific or technological uses, applied research and developmental activities of a not-for-profit college or university, a voluntary, municipal or state-operated hospital, or a municipal corporation." *Id.*, § 7.

In or around 1996, the Town transferred the parcel to the New York Institute of Technology (NYIT), a not-for-profit university chartered by the Regents of the University of the State of New York, for educational uses, as permitted by the 1982 legislation.

Later, local entities determined that the parcel should be used for the Fire District's substation. As a result, in 2013 the Town submitted a request to the Legislature for special

legislation authorizing the parcel's transfer to the Fire District, to be used for purposes other than those identified in the 1982 special law. Specifically, the Town Board adopted the following language in its resolution:

> Be it therefore resolved, that the Town Board of the Town of Islip hereby adopts a Home Rule resolution supporting . . . an amendment to Chapter 719 of the laws of 1982 permitting the transfer . . . of property as described [on a survey], owned by the New York Institute of Technology . . . to the Central Islip Fire District for the purpose of constructing a Fire Department sub-station not to exceed 7,000 square feet in gross floor area.

Islip, N.Y., Resolution No. 4 (Apr. 23, 2013).

The Legislature enacted the desired special law, which took effect in late 2013. The law authorized NYIT to sell the parcel to the Town, required the Town to sell the parcel to the Fire District, and revised the uses to which the parcel could be put. As relevant here, the law provided that "[t]he town of Islip shall convey the land transferred [by NYIT] to the Central Islip Fire District. Such land shall be conveyed to the Central Islip Fire District for the sole purpose of the creation of a substation." Act of Nov. 13, 2013, ch. 498, § 2. The special law included no specifications with respect to the substation.

## II. Home Rule Requests

Under New York law, a local government such as a town generally is empowered to adopt local laws relating to its property, affairs, or government. N.Y. Const., art. IX, § 2(c); Municipal Home Rule Law § 10(1)(i). The state Legislature concomitantly is restricted from legislating in these areas except by general law (one that applies, as relevant here, to all towns) or by special law upon request by the local government. N.Y. Const., art. IX, § 2(b)(2). Such a request by the local government for special legislation is a "home rule request." Municipal Home Rule Law § 40; Legislative Law § 55.

The Legislature has established that a law enacted upon a home rule request is conclusive as to the facts that (1) the law was necessary at the time it was enacted, and (2) the home rule request set forth sufficient facts to establish the necessity. Legislative Law § 56; *see also* Municipal Home Rule Law § 40 (validity of law cannot be challenged on these grounds).

## III. Analysis

We conclude for several reasons that the Town need not seek additional special legislation from the Legislature before permitting the Fire District to build a larger substation on the parcel. First, the language of the 2013 special law reflects only the legislative intent to amend the 1982 statute to expand permissible parcel owners to include

the Fire District and permissible uses of the parcel to include creation of a substation. The language of the statute contains no size or other restrictions on the substation and otherwise reflects no legislative intent to regulate the particulars of the substation itself.

Second, the legislative history of the 2013 statute confirms that the Legislature's purpose underlying the statute was to modify existing restrictions to permit the parcel's use for a substation, and not to regulate the size of the substation. The Senate sponsor of the statute explained that "[t]he law, as it currently stands, restricts the use of this land, and the improvements thereon, to purposes relating to education and associated complements and to municipal corporations. Recognizing the productive potential of the specified parcel of land, this legislation aims to lift those restrictions so that the parcel may be utilized to benefit the community through improvement of public safety initiatives." Letter from Lee M. Zeldin, Senator, to Andrew M. Cuomo, Governor (Jul. 2, 2013), *reprinted in* Bill Jacket for ch. 498 (2013), at 9. The size of the intended substation was not mentioned.

And neither the Legislative Law nor the Municipal Home Rule Law provisions relating to a special law enacted upon a home rule request require that the 2013 special law authorizing the transfer of property for the purpose of building a substation incorporate the size limitation included in the Town's home rule request.

In short, the language and history of the special law provide no basis for reading it as incorporating the substation size limitation included in the Town's home rule request. Nor do the statutes governing the submission of a home rule request and the enactment of requested special legislation. We therefore conclude that the Town need not seek additional special legislation before revising the permitted size of the Fire District's proposed fire substation.

The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.

Very truly yours,


KATHRYN SHEINGOLD
Assistant Solicitor General
  in Charge of Opinions